IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 5:21-cr-00007-7 |
| v.  ) | |
| ) | By: Elizabeth K. Dillon |
| CARLOS BARIOLA  ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Pursuant to a second superseding indictment, defendant Carlos Bariola faces one count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846. (*See* Dkt. No. 145.) This case is set for a two-week jury trial beginning on January 30, 2023.

Pending before the court is the government's motion in limine (Dkt. No. 275) to require Bariola to show a tattoo on top of his right shoulder to the jury at trial as a means of identification, pursuant to Federal Rules of Evidence 401, 402, and 403. Bariola did not file a brief in opposition. The court heard argument on the motion from both parties on June 29, 2022. For reasons discussed herein, the court will grant the motion.

I.  BACKGROUND

Bariola is charged with a drug trafficking conspiracy with several co-defendants and unnamed co-conspirators. The government submits that evidence at trial will show communications between Bariola and various co-defendants, some of which may include references to each other's nicknames or monikers. Those communications, the government argues, will put into issue the identity of the parties to the communications. One of the nicknames expected to be mentioned in the communications is "C-Lo" or "C-Low." Bariola has a tattoo on top of his right shoulder which reads "C-LOW" in cursive.[1] As such, the government

---

[1] The government attached what it claims is a photo of the tattoo to its motion. (*See* Dkt. No. 275, at 4.)

maintains that whether Bariola is the person referred to in the communications between the parties as "C-Lo" or "C-Low" is a material fact necessary to complete the identification of the parties to and subject of the communications, and that one way to do so would be to show the jury Bariola's tattoo, which reads "C-LOW."

Bariola argues that the government's actual purpose for showing the tattoo is not identification, but rather is to introduce the content of the tattoo itself to demonstrate that he is part of the conspiracy, which Bariola asserts would constitute a violation of his Fifth Amendment rights. Bariola analogizes the display of his tattoo to a situation in which a person is required to display his tattoo of a gang symbol to demonstrate that he is part of a gang. The purpose of identification, Bariola continues, would be applicable if, for example, a witness had physically identified Bariola by visually observing the "C-LOW" tattoo on his shoulder, which he argues is not the case here.

## II.  LEGAL STANDARDS

"The purpose of a motion in limine is to allow a court to rule on evidentiary issues in advance of trial in order to avoid delay, ensure an even-handed and expeditious trial, and focus the issues the jury will consider." *Intelligent Verification Sys., LLC v. Microsoft Corp.*, No. 2:12-CV-525, 2015 WL 1518099, at *9 (E.D. Va. Mar. 31, 2015) (citations omitted).

Rule 401 provides that evidence is relevant if "it has a tendency to make a [material] fact more or less probable than it would be without the evidence." Fed. R. Evid. 401. Relevant evidence, "as a general proposition," is admissible, unless federal law—such as a provision of the U.S. Constitution—provides otherwise. *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997); Fed. R. Evid. 402 ("Relevant evidence is admissible unless any of the following provides

otherwise: . . . .").[2] One such provision is the Fifth Amendment's privilege against self-incrimination, which provides, in relevant part, that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. Amend. V. "To qualify for the Fifth Amendment privilege, a communication must be testimonial, incriminating, and compelled." *Hiibel v. Sixth Jud. Dist. Ct. of Nev., Humboldt Cnty.*, 542 U.S. 177, 189 (2004).

III. ANALYSIS

As a threshold matter, evidence of Bariola's "C-LOW" tattoo is certainly relevant in that its existence makes it more probable that references to "C-Lo" or "C-Low" in communications between the co-defendants are identifying Bariola—a fact which, without question, would be consequential in determining his guilt or innocence. Further, this evidence does not have such an "undue tendency to suggest decision on an improper basis" that its probative value would be substantially outweighed by the danger of unfair prejudice. See Fed. R. Evid. 403 advisory committee's note.

Bariola's only argument is that the Fifth Amendment privilege against self-incrimination protects a right not to display his shoulder tattoo. Assuming that the tattoo is incriminating to the extent it identifies Bariola as the person mentioned in communications between the co-defendants and unnamed co-conspirators, the only remaining questions are whether display of the tattoo would be "testimonial" in nature and "compelled" within the meaning of the Fifth Amendment. The court concludes that it would be neither.

Bariola argues that the display of his shoulder tattoo is testimonial in that the government seeks to introduce it for the content of what it communicates. But the Fifth Amendment does not

---

[2] Relevant evidence may also be excluded "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, [and/]or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

3

protect a criminal suspect from being required to display "identifiable physical characteristics." *United States v. Dionisio*, 410 U.S. 1, 5–6 (1973). Prevailing precedent indicates that this includes the display of "[t]attoos which are openly visible on the body." *United States v. Toliver*, 793 F. App'x 151, 162 (4th Cir. 2010) (citing *United States v. Bay*, 762 F.2d 1314, 1315–16 (9th Cir. 1984). "Federal courts have [] held that photographing a defendant's tattoos for display to the jury or requiring a defendant reveal his tattoos to a jury does not run afoul of the Fifth Amendment." *United States v. Nixon*, No. 15–cr–20020, 2015 WL 4430176, at *2 (E.D. Mich. July 20, 2015) (citing cases[3]). Such acts are generally not testimonial;[4] rather, it is "the contents of [the defendant's] own mind . . . that implicate[] the Self-Incrimination Clause." *Doe v. United States*, 487 U.S. 201, 211 (1988) (citations and quotation marks omitted). Taken together, these cases seem to call for a general rule (which the Fourth Circuit has employed) that displaying a tattoo is the exhibition of a physical characteristic and not testimonial in nature for Fifth Amendment purposes.

Even if Bariola's tattoo could be deemed testimonial, its display in the courtroom would not be "compelled" within the meaning of the Fifth Amendment. For one, the government did

---

[3] *See, e.g.*, *Tasco v. Butler*, 835 F.2d 1120, 1124 (5th Cir. 1988) ("The court's judicial notice of [the defendant's] identifying tattoos and scar did not impinge on his Fifth Amendment privilege."); *Bay*, 762 F.2d at 1315–16 ("The cases hold that [display of tattoos] does not infringe the Fifth Amendment privilege against self-incrimination."); *Watford v. Hendricks*, No. 04–1388, 2007 WL 1237839, at *17 (D.N.J. Apr. 27, 2007) (concluding that the petitioner had no Fifth Amendment privilege to refuse to display his tattoo to the jury); *see also, e.g.*, *Gardner v. Norris*, 949 F. Supp. 1359, 1374 (E.D. Ark. 1996) ("[A] criminal defendant who is asked to display tattoos suffers no constitutional harm.").

[4] The Ninth Circuit squarely applied this principle in *Bay*. There, it was the defendant himself who wanted to display his tattoos in order to raise doubts about a witness' identification. The trial court in *Bay* refused the request on the assumption that such a display would be testimony, and therefore that the defendant would have to take the witness stand and subject himself to cross-examination. The Ninth Circuit reversed; citing to several Supreme Court decisions, it held that display of a tattoo—like other physical characteristics—is not testimonial and does not raise Fifth Amendment concerns. *See* 762 F.2d at 1315–16.

not compel Bariola to tattoo anything on his shoulder,[5] and the Fifth Amendment prohibits only "the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material." *Holt v. United States*, 218 U.S. 245, 252–53 (1910).

But more specifically to this context, display of tattoos that are "openly visible" on a defendant's body "does not result in compelled communication." *See Anthony*, 2019 WL 471984, at *1. Such tattoos are distinguishable from, "for example, [those] located on more intimate parts of [the] body." *See United States v. McGuire*, CR 18-157-BLG-SPW-3, 2019 WL 5727464, at *2 (D. Mont. Nov. 5, 2019). The top of the right shoulder, where Bariola's tattoo is located, is "openly visible" in this context and is not one such "intimate area." In *Toliver*, the Fourth Circuit considered whether the defendant could be required to display to the jury several tattoos, including one tattoo on his right shoulder—the same location of Bariola's tattoo. *See* 793 F. App'x at 161. The court concluded that all of the defendant's tattoos were openly visible on his body and outside the protections of the Fifth Amendment. *Id.* at 163. Of note, the court elaborated that while the defendant's shoulder tattoo would be covered if he were to wear a tee-shirt, "it would become easily visible were he to wear a tank top or take off his shirt." *Id.* The court makes the same conclusion here.

In sum, the court will grant the government's motion in limine requiring Bariola to display his right-shoulder tattoo to the jury at trial because such a required display would not run afoul of his Fifth Amendment rights, the tattoo is relevant to Bariola's identification, and it is

---

[5] In *Fisher v. United States*, 425 U.S. 391 (1976), the Supreme Court held that where the IRS compelled production of voluntarily prepared papers via summons, the taxpayer could not avoid compliance "by asserting that the item of evidence which he is required to produce contains incriminating writing." *Id.* at 410. Since "the preparation of all of the papers . . . was wholly voluntary," they could not "be said to contain compelled testimonial evidence." *Id*. at 409–10. And here, Bariola's voluntary tattooing of a word on his shoulder (which, in this case, happens to implicate him in criminal activity) was, like the voluntary preparation of documents, not the product of government compulsion.

otherwise admissible.

## IV.  CONCLUSION

For the reasons stated herein, it is HEREBY ORDERED that the government's motion in limine (Dkt. No. 275) is GRANTED, and the defendant, Carlos Bariola, shall display the tattoo on top of his right shoulder to the jury during trial, provided the court first finds that the government has laid the proper foundation for its admission.

Entered: January 11, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge